IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH GRIMANDO,

        Plaintiff

vs.                                                              No.

UNITED STATES OF AMERICA,
US DEPARTMENT OF HEALTH and HUMAN
SERVICES, PRESBYTERIAN MEDICAL SERVICES, d/b/a
RIO RANCHO FAMILY HEALTH CENTER, and
CLAUDIA ALFARO-ANDRICK, M.D.,

        Defendants.

## **COMPLAINT FOR DAMAGES CAUSED BY MEDICAL NEGLIGENCE**

COMES NOW the Plaintiff, Joseph Grimando, by and through his attorneys of record, Duhigg, Cronin, Spring & Berlin, P.A. (Robert A. Berlin and David M. Berlin), and hereby complains of the Defendants Presbyterian Medical Services, d/b/a Rio Rancho Family Health Center and Claudia Alfaro-Andrick, M.D., Defendants as follows:

### INTRODUCTION

1. The jurisdiction of this Court in this action is pursuant to 28 U.S. Code § 2671 et seq., in that this is a tort action against the United States of America. This Court also has jurisdiction over the other named Defendants pursuant to 28 U.S.C. § 1367 in that the claims against them arise out of a common nucleus of operative fact that has given rise to the causes of action against the United States of America, and, therefore, pendant party jurisdiction exists over those claims and parties.

2. At all times and hereinafter, Plaintiff Joseph Grimando is a resident of the City of Rio Rancho, Sandoval County, State of New Mexico.

3. Upon information and belief, and at all times hereinafter mentioned, Defendant Presbyterian Medical Services (PMS) is a New Mexico corporation with several facilities in New Mexico, including Rio Rancho Family Health Center where Defendant failed to provide necessary medical services.

4. Upon information and belief, and at all times and hereinafter mentioned, Defendant PMS owned and operated Rio Rancho Family Health Center, located at 184 Unser Blvd. NE in the City of Rio Rancho, Sandoval County. Defendant PMS held itself out as a full-service medical facility at which patients could undergo medical procedures.

5. Upon information and belief, and all times hereinafter relevant, Defendant PMS employed physician Defendant, Dr. Claudia Alfaro-Andrick, M.D., and other healthcare members to provide medical care to the public.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant Alfaro-Andrick, M.D., is a medical doctor licensed to practice medicine in the State of New Mexico.

7. Upon information and belief, and at all times hereinafter mentioned, Defendant Alfaro-Andrick, M.D., was an employee of PMS d/b/a Rio Rancho Family Health Center and was granted privileges by Defendant PMS.

8. On or about March 5, 2019, Plaintiff, Joseph Grimando went in for a routine physical at Rio Rancho Family Health Center, located at 184 Unser Blvd. NE. Mr. Grimando was treated by Defendant Alfaro-Andrick.

9. During the physical, Mr. Grimando asked Defendant Alfaro-Andrick if she would remove the skin tags located in the corner of his left and right eye.

10. Defendant Alfaro-Andrick agreed and stated that she would do so at the end of

the physical. Dr. Alfaro-Andrick continued with Mr. Grimando's check-up.

11. Dr. Alfaro-Andrick completed the physical without removing the skin tags. As Mr. Grimando and Defendant Alfaro-Andrick were walking down the hall, back toward the lobby, Mr. Grimando reminded Dr. Alfaro-Andrick about the skin tags near his left and right eye.

12. Dr. Alfaro-Andrick said she would take care of it then. She sat Mr. Grimando in a chair in the hall and told him that she had to get something to complete the procedure. She then left.

13. Dr. Alfaro-Andrick returned with a liquid nitrogen spray device.

14. Defendant Alfaro-Andrick sprayed Mr. Grimando's left skin tag first. Unfortunately, the device was defective and Defendant Alfaro-Andrick sprayed Mr. Grimando in the face.

15. Upon information and belief Dr. Alfaro-Andrick said, "that is going to hurt, oops." Then, Dr. Alfaro-Andrick proceeded to use the same device to spray Mr. Grimando's right skin tag. Predictably, it ended with the same result.

16. Dr. Alfaro-Andrick never bothered to replace the device after it was discovered that it was not functioning correctly. Instead, she used the same one to spray Mr. Grimando's left skin tag.

17. Mr. Grimando was sent home with no further treatment.

18. As a result of this procedure, Plaintiff suffered injuries to his left and right eye. Plaintiff has also incurred medical bills, pain, suffering, disability, loss of enjoyment of life and other injuries and harm.

19. This Court has jurisdiction under the subject matter and the parties in this action.

## FIRST CAUSE OF ACTION PRESBYTERIAN MEDICAL SERVICES NEGLIGENCE

20. Plaintiff hereby repeats and alleges each and every allegation set forth above as if provided, herein, in full.

21. Defendant PMS d/b/a Rio Rancho Family Health Center owed a duty to Plaintiff Joseph Grimando, to use ordinary care to avoid or prevent what a reasonably prudent person would foresee as an unreasonable risk of injury to another.

22. On or about March 5, 2019, Defendant PMS provided a defective device.

23. On or about March 5, 2019, Defendant PMS failed to use ordinary care required to avoid and prevent what a reasonable prudent person would foresee as an unreasonable risk of injury when staff sprayed Plaintiff, Grimando in the face with a defective device in an attempt to remove skin tags in the corner of his left and right eye.

24. Mr. Grimando was not in a sterile room, rather he was in the hallway during the procedure because the doctor treating him had forgotten his earlier request during Mr. Grimando's physical.

25. Before spraying him, no one from Defendant PMS attempted to determine whether the device was defective. After the incident to the left eye, no one from Defendant PMS attempted to replace the device or end the procedure entirely.

26. After Mr. Grimando was injured, he was sent home with no additional treatment.

27. On or about March 5, 2019, no one from Defendant PMS attempted to put band-aids on Mr. Grimando's injuries after the procedure had taken place.

28. By failing to properly treat Plaintiff Grimando's skin tags, Defendant PMS committed a breach of duty owed to him and was, therefore, medically negligent.

29. As a result of the aforementioned medical negligence, Plaintiff suffered burning

around his left and right eye and blurry vision.  The blurry vision was worse in his right eye.

30. Plaintiff, Grimando has also suffered pain, suffering, disability, emotional harm loss of enjoyment of life and was forced to incur medical expenses. Defendant PMS is liable to Plaintiff for all such damages.

WHEREFORE, Plaintiff demands judgment against Defendant PMS for damages, including compensatory damages, costs of lawsuit, interest allowable by law and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
## MEDICAL NEGLIGENCE OF DEFENDANT CLAUDIA ALFARO-ANDRICK, M.D., AND VICARIOUS LIABILITY OF DEFENDANT PMS

31. Plaintiff hereby repeats and realleges each and every allegation set forth above, as if provided, herein, in full.

32. At all times hereinafter mentioned, Defendant Claudia Alfaro-Andrick, M.D., held herself out as a reasonably competent medical provider.

33. Defendant Claudia Alfaro-Andrick, M.D., who, having held herself out as someone who could treat and care for Plaintiff Joseph Grimando, was under a duty to possess and apply the knowledge and use the skill and care that is ordinarily used by a reasonably well qualified physician practicing under similar circumstances, giving due consideration to the locality involved.

34. On or about March 5, 2019, Plaintiff requested that Defendant Claudia Alfaro-Andrick remove Plaintiff's skin tags in the corner of both his left and right eye during a routine physical. Defendant Alfaro-Andrick agreed to do so after the physical had been completed. However, upon information and belief, Defendant Alfaro-Andrick forgot until she was reminded by Plaintiff as the two were walking back to the lobby. Defendant Alfaro-Andrick failed to

properly treat Plaintiff during his physical exam.

35. Then, Defendant Alfaro-Andrick failed to use proper procedure when attempting to remove Plaintiff's left and right skin tags in the corner of both eyes.

36. First, Dr. Alfaro-Andrick performed the procedure in a hallway rather than in a doctor's office. Thus, this was not done in a sterile location.

37. Second, Defendant Alfaro-Andrick never checked to see whether the device worked properly before spraying it in Mr.Grimando's left eye.

38. Third, Dr. Alfaro-Andrick discovered that the device with liquid nitrogen was defective when she sprayed Plaintiff on the left side. Rather than ending the procedure or attempting to get a new device, Dr. Alfaro-Andrick said, "that's going to hurt. Oops." Then she proceeded to spray the right eye with the same defective device causing a similar result on the right side of Plaintiff's face. This was below the applicable standard of care.

39. Fourth, Dr. Alfaro-Andrick never bandaged Plaintiff's injuries, such a failure constituting a breach of the applicable standard of care.

40. Fifth, after injuring Mr. Grimando, Defendant Alfaro-Andrick sent Plaintiff home with no additional treatment.

41. A reasonably well qualified physician would have performed the procedure in a doctor's office rather than a hallway on March 5, 2019, and would have tested the device to ensure that it was working appropriately before spraying it in Plaintiff's face.

42. Upon learning that the device was defective, a reasonably well qualified physician would have ended the procedure or replaced the device before trying to remove the skin tag on the other side of Plaintiff's face.

43. The failure to do so by Defendant Alfaro-Andrick constituted a breach of duty to

possess and apply the knowledge, skill and care ordinarily used by qualified physicians under similar circumstances and in the locality involved. Each of Defendant Alfaro-Andrick, M.D.'s aforementioned breaches constituted medical negligence on the part of Defendant Alfaro-Andrick, M.D.

44. The failure to provide additional treatment after Mr. Grimando suffered injuries and instead send him home constituted a breach of duty on the part of Defendant Alfaro-Andrick used by qualified physicians under similar circumstances.

45. As a result of the aforementioned medical negligence, Plaintiff, Grimando suffered pain, suffering, disability, emotional harm and further was forced to undergo and incurred medical expenses.

46. Defendant Alfaro-Andrick, M.D., is liable to the Plaintiff for the aforementioned damages set forth above as a result of the negligence. Such negligence included:

    a) the failure to remove Plaintiff's skin tags during his scheduled physical;

    b) the failure to then perform the procedure once reminded in a sterile location such as a doctor's office rather than a hallway;

    c) the failure to test the device with the liquid nitrogen prior to attempting to remove Mr. Grimando's skin tag on the left side of his face;

    d) upon learning that the device was defective, the failure to end the procedure or replace it with a new device before attempting to remove the skin tag on the right side of Plaintiff's face; and,

    e) the failure to bandage Plaintiff's wounds after spraying him with a defective device.

47. Defendant PMS d/b/a Rio Rancho Family Health Center is vicariously liable for

the negligence of its employee Defendant, Alfaro-Andrick, M.D., and is, therefore, liable to Plaintiff Grimando for all such damages set forth in this cause of action under the doctrine of vicarious liability.

WHEREFORE, Plaintiff demands judgment against Defendants Alfaro-Andrick, M.D., and PMS d/b/a Rio Rancho Family Health Center for damages, including compensatory damages, cost of lawsuit, interest allowable by law and such other relief as the Court deems appropriate.

DUHIGG, CRONIN, SPRING & BERLIN, P.A.
Attorneys for Plaintiff
P.O. Box 527
Albuquerque, New Mexico 87103
(505) 243-3751

_____
 /s/ Robert A. Berlin, Attorney at Law